IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr95-MHT |
| | ) | (WO) |
| MARTINEZA DEWAN MCCALL | ) | |

SUPPLEMENTAL SENTENCING ORDER
REGARDING BOP PROGRAMS AND TREATMENTS

A. BOP Programming Recommendations

The court understands that the Bureau of Prisons (BOP) suggests that in the Judgments of Conviction or Statements of Reasons or both the sentencing courts should indicate any BOP program(s) they recommend. These programs include, for example, the Residential Drug Abuse Program (RDAP), the Bureau Rehabilitation and Values Enhancement Program (BRAVE), Occupational Education Programs, Skills Program, the Mental Health Step Down Unit Program, the Bureau Literacy Program, SOTP-R, SOTP-NR, and the Resolve Program. The descriptions of and admissions criteria for these programs can be found in downloadable brochures at:

<https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf>;

<https://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2017/BOP_Designation.pdf>.

Including these recommendations in the Judgment or Statement of Reasons or both increases the likelihood the defendant will be able to participate.

### B. Inclusion of Mental-Health Diagnoses in the Judgment or Statement of Reasons

The court also understands that the BOP recommends that if a defendant suffers from a mental illness, an intellectual disability, a substance-abuse disorder, or something similar, <u>and</u> has received a mental-health evaluation and a diagnosis or diagnoses (preferably reducible to a label from the DSM V), the Judgment or Statement of Reasons or both should reflect this diagnosis or diagnoses so as to flag it for the BOP mental-health staff. The flagging will likely expedite the BOP's consideration of the defendant for placement in treatment and programming, and also significantly

2

increase the likelihood the defendant will receive appropriate treatment and can participate in an appropriate program.  Without the flag, the defendant would have to stand in line, with all other inmates being admitted to the prison system, for a mental-health evaluation by the BOP staff.

\*\*\*

Accordingly, it is ORDERED that, five business days before sentencing, defense counsel shall file with the court a statement (separate from the sentencing brief) that reflects:

(1) Recommendations for BOP programming.  The statement should include (a) whether defense counsel wants the court to recommend that the defendant participate in a BOP program(s); (b) what program(s), if any, is recommended; why the defendant would benefit from the program(s); and, (c) whether, considering possible privacy concerns, defense counsel would like that program recommendation listed on the Judgment, Statement of Reasons, or both.

(2) Recommendations to the BOP in light of any mental-health or substance abuse disorders. The statement also should include (a) whether the defendant has received a mental-health evaluation; (b) if so, what diagnosis or diagnoses (preferably reducible to a label from the DSM V) the defendant received; (c) whether, considering possible privacy concerns, defense counsel would like that diagnosis or diagnoses listed on the Judgment, Statement of Reasons, or both; and, (d) what programs and treatment, if any, defense counsel asks that the court recommend that the defendant receive in light of his or her diagnosis or diagnoses.

The government has three business days to respond if it wants to.

DONE, this the 30th day of August, 2018.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**