IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr95-MHT |
| | ) | (WO) |
| MARTINEZA DEWAN McCALL | ) | |

OPINION

Defendant Martineza Dewan McCall pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). After pronouncing McCall's sentence to be 10 years, the court began to make its typical finding that the sentence was "sufficient, but not greater than necessary to comply with the statutory purposes of sentencing," 18 U.S.C. § 3553(a), but then halted mid-sentence and, instead, declared that it could not in good conscience make such a finding for the 10-year sentence was, in fact, wholly unfair and unjust. This opinion explains why.

McCall's instant offense alone carries a mandatory minimum of five years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). The government filed a notice of information under 21 U.S.C. § 851 indicating its intent to use McCall's two prior felony drug convictions as a basis for seeking an increased punishment. As a result of the § 851 notice, the mandatory-minimum sentence McCall faced doubled to 10 years. At sentencing, the court accepted the parties' binding plea agreement and sentenced McCall to 10 years of imprisonment followed by eight years of supervised release. The sentence in this case is extraordinarily excessive and unreasonable, but the court had no choice but to impose it.

McCall is not a particularly serious drug offender, yet the court's sentence does not reflect this. His criminal history consists of relatively minor, nonviolent offenses, the most recent of which occurred in 2011. McCall's two felony drug convictions, which are the basis for the government's § 851 notice, occurred more than 10 years ago and were for small quantities of drugs. The

first of these offenses dates back 18 years and was a felony possession of two ounces of marijuana. The second offense was simple possession of cocaine 12 years ago. Under the United States Sentencing Guidelines, McCall's criminal history category is II--out of a possible VI--which reflects the relatively minor nature of his past offenses. With his guidelines offense level of 25, absent the § 851 notice, McCall's guidelines sentencing range would have been only 63 to 78 months--a far more appropriate and fair range under the circumstances.

Furthermore, there are relevant mitigating factors in this case that the court must consider under 18 U.S.C. § 3553(a)(1); however, due to the filing of the § 851 notice, the sentence does not adequately reflect these factors. McCall, a 39-year-old father of three children, suffers from several afflictions that have limited his employment options. He has suffered since birth from sickle cell disease, which has caused weeks' long bouts of bed-ridden debilitation, and was diagnosed with sciatica caused by a painful degenerative hip injury.

McCall reportedly applied for disability benefits, but was denied for lack of documentation. At sentencing, defense counsel contended that McCall chose to sell drugs as a way to pay his bills, a choice he might not have been forced to make absent his serious health issues.

McCall also suffers from significant mental-health problems. In 2002, when McCall was in his early twenties, his older brother was shot and killed in front of him. The senseless murder was the result of mistaken identity, which one of the shooters admitted to McCall's family after being convicted. Two years later, McCall's adopted brother was also murdered. A psychological evaluation indicated that McCall has experienced symptoms of post-traumatic stress disorder or PTSD. He also is reportedly addicted to marijuana, which has worsened in the years since these life-altering traumas.

In sum, the court cannot in good faith say that the sentence it was required to impose is reasonable, that it otherwise complies with the purposes of 18 U.S.C. § 3553(a), or that it adequately reflects the "history

and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). On the contrary, the sentence imposed in this case was "greater than necessary ... to reflect the seriousness of the offense, to promote respect for the law, ... to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a), (a)(2)(A), & (a)(2)(B). Indeed, using common sense and under any reasonable notion of justice, the court believes that it was, in short, unfair and unjust.

DONE, this the 5th day of October, 2018.

                                  /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**