IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:18cr95-MHT** |
| | ) | |
| **MARTINEZA DEWAN McCALL** | ) | |

**ORDER FOR ADDITIONAL CONDITIONS OF RELEASE**

Based upon the representations made on the record on August 5, 2020, it is ORDERED that the conditions of release are modified to include the following:

(1) Defense counsel shall assist defendant Martineza Dewan McCall, as needed, with his application for Social Security Disability. Defense counsel shall inform the court of the results of his application. If the application is unsuccessful, the court will consider imposing a vocational training condition.

(2) The supervising probation officer, with defense counsel's assistance if needed, shall confirm that defendant McCall had received his General Equivalency Diploma (GED) or high school diploma, and

shall report to the court his findings by September 2, 2020.  *See* Presentence Investigation Report (doc. no. 42) at 12.  If defendant McCall has not received a diploma, the court will require him to study for his diploma during his period of home confinement.

(3) The supervising probation officer, with defense counsel's assistance if needed, shall determine whether defendant McCall has completed a parenting skills course while in the Bureau of Prisons and shall inform the court of his findings by September 2, 2020.  If defendant McCall has completed such a course, the supervising probation officer shall recommend to the court whether an additional course would be helpful. If he has not completed such a course, the court will require defendant McCall to complete such a course.

(4) Defense counsel shall arrange for defendant McCall to undergo a thorough mental-health evaluation performed by a licensed psychologist, and shall file

the evaluation under seal upon completion, but no later than September 30, 2020. The evaluation should address, in addition to the regular topics, whether defendant McCall suffers from post-traumatic stress disorder due to witnessing his brother's death and other traumas, whether his marijuana addiction is related to these traumas, and what other impact, if any, the traumas have had on his life and functioning. In addition, the evaluation should make recommendations as to therapy or other services that would aid him in dealing with any impacts of those traumas and in handling stress and life outside of prison without resort to substance abuse.

(5) The court will revisit defendant McCall's home confinement condition upon his completion of one year under that condition, to determine whether it should be loosened or lifted. On or before June 7, 2021, the supervising probation officer shall file a report

**summarizing defendant McCall's performance on home confinement and making a recommendation as to whether any changes should be made. The court will carefully consider defendant McCall's parenting efforts, among other issues, when it revisits this issue.**

 **(6) The court assumes that defendant McCall has no objection to these modifications of his conditions of release. However, if he does, he must notify the court within seven days of the date of this order.**

 **DONE, this the 6th day of August, 2020.**

> **/s/ Myron H. Thompson**
> **UNITED STATES DISTRICT JUDGE**